MAGRUDER v. GALLIBER

———

(Nov. 29, 1926. Opinion and Decree.)
(Jan. 3, 1927. Rehearing Refused.) •
(Mar. 2, 1927. Writs of Certiorari and Review Denied by Supreme Court.)

———

(*Syllabus by the Court*)

1. Louisiana Digest—Landlord and Tenant —Par. 19, 57, 64.

It is the duty of the lessee to deliver back the premises at the expiration of the lease in the same condition in which they were at the time of making the lease, wear and tear excepted.

2. Louisiana Digest—Landlord and Tenant —Par. 19, 64.

The lessee is liable for all injuries and damages done to the leased premises through his fault.

3. Louisiana Digest—Landlord and Tenant —Par. 19; Obligations—Par. 153, 156, 158.

The lessee's obligation is to make the repairs during the continuance of the lease; hence, if he fails so to do, during that time, he need not be put in default before suit.

Appeal from Civil District Court, Division "B". Hon. M. M. Boatner, Judge.

Action by C. G. Magruder against A. L. Galliber.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

H. W. Robinson, of New Orleans, attorney for plaintiff, appellee.

Geo. J. Untereiner, of New Orleans, attorney for defendant, appellant.

OPINION

CLAIBORNE, J. This is a suit for rent for damages for injury done to the leased premises.

Plaintiff alleged that on December 31, 1921, he leased to the defendant the inside half of the store corner of Magazine and Milan Streets for the price of $50 per month; that defendant failed to pay the rent for the months of March, April and May, 1923, for which he owes $150 with ten per cent attorney's fees; that the defendant received said premises in good con-

dition; that he damaged the plumbing fixtures to the amount of $250; that he delivered possession of the premises to plaintiff on May 12, 1923, but failed to return the keys worth $10; that he damaged the shelving and cabinets to the extent of $70, and the plaster behind the fixtures to the extent of $30; making in all $525.

That defendant admitted the lease but denied all the other allegations of the petition.

There was judgment for plaintiff for $471.66 and the defendant has appealed.

C. C. 2710 (2680): "The lessee is bound to enjoy the thing leased as a good administrator, according to the use for which it was intended by the lease."

Art. 2720 (2690): "If no inventory has been made (of the premises) the lessee is presumed to have received the thing in good order, and he must return it in the same state, with the exception contained in the preceding article."

In the case of Briede vs. McClellan, No. 7599, Book 55, we had occasion to examine the obligations of the lessee to return the leased premises in good condition. We said:

"It is the duty of the lessee to deliver back the premises at the expiration of the lease in the same condition in which they were at the time of making the lease, wear and tear excepted. The lessee is liable for all the injuries and damages done to the leased premises through his fault." Also 7258 Orl. App.

Plaintiff and Henry F. Hinrichs, an architect and contractor, established to the satisfaction of the trial judge and to our own the correctness of plaintiff's claim to the extent of $471.66.

The defendant did not testify; he was out of the State.

His brother, Frank Galliber, and defendant's wife, testified for the defense. The preponderance of testimony appears to us, as it did to the trial judge, to be in favor of plaintiff.

The defendant contended that his breach of the contract was passive and therefore he could not be condemned without proof that he was put in default. But the violation was active "by doing something inconsistent with the obligation of the contract." C. C. 1931 (1925).

In such a case, "damages are due from the moment the act on contravention has been done, and the creditor is under no obligation to put the debtor in default." C. C. 1932 (1926).

He also argued that "the term of the lease of this defendant had not expired, and defendant had until the expiration of his lease to restore the leased premises to the condition it was in when he received the premises."

This point was overruled by us in Zagame vs. Chalmette Laundry Co., No. 7242 of this court, book 53.

In the case of Payne vs. James, 42 La. Ann. 230, 7 So. 457, similar to the one under consideration, the court quoted Article C. C., 1933 (1927), Sec. 1, as follows:

"When the thing to be given or done by contract was of such a nature, that it could only be given or done within a certain time which has elapsed, or under such circumstances which no longer exist, the debtor need not be put on legal delay to entitle the creditor to damages."

The Court concluded by saying on page 233:

"We therefore conclude and we hold that in this case the law could not, and did not, require that plaintiff's demand should have been preceded by a putting in default."

The transcript shows that the contract of lease had expired by its violation by the defendant and by a judgment putting an end to it, before this suit was filed.

The judgment is therefore affirmed.